IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM D. BATTLE, | ) | |
| Plaintiff, | ) | Civil Action No. 7:16cv00020 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| J. LEDFORD, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff William D. Battle, a Virginia inmate proceeding *pro se,* filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants used excessive force against him and denied related grievances and appeals. Defendants filed a motion for summary judgment, and Battle responded, so this matter is ripe for disposition. Having considered the record, the court concludes that Battle's allegations fail to state a claim against defendants Holloway and Hinkle and that defendants' motion for summary judgment must be granted as to Battle's excessive force claims.

I.

Battle alleges that on December 6, 2013, defendants Ledford and Edwards used excessive force against him during transport. Thereafter, Battle was charged with a disciplinary infraction for assaulting an officer during the same incident. Battle was found "guilty" of the disciplinary infraction, and he appealed. Defendant Warden Holloway denied Battle's appeal on February 18, 2014. Battle also alleges that defendants Holloway and Hinkle denied Battle's administrative grievances and appeals concerning the alleged excessive force used against Battle. Battle's last administrative appeal was denied on February 27, 2014.

It is undisputed that Battle filed his complaint on January 11, 2016. In their motion for summary judgment, defendants argue that Battle's complaint is untimely filed and fails to state a cognizable federal claim against defendants Holloway and Hinkle. For the following reasons, the court will dismiss Battle's claims.

II.

Battle alleges that defendant Holloway denied Battle's appeal of his disciplinary conviction and that defendants Holloway and Hinkle denied Battle's administrative grievances and appeals concerning the alleged excessive force. The court finds that Battle's allegations do not demonstrate a violation of a federal right and, therefore, will dismiss the claims against defendants Holloway and Hinkle pursuant to 28 U.S.C. § 1915(3)(2)(B)(ii).[1]

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the constitution of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "Ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation," *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007), and inmates do not have a constitutionally protected right in the grievance procedure, *see*, *e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, defendants Holloway and Hinkle are not liable under § 1983 for their responses to the grievances or appeals. *See Brown v. Va. Dep't Corr.*, No. 6:07cv33, 2015 U.S. Dist. LEXIS 12227, at *8, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009); *see also Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding allegations that prison officials and administrators responded inappropriately to inmate's later-

---

[1] The court notes that Battle cannot use a response to a motion for summary judgment to amend or correct a complaint. *Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009). Thus, any new claims raised in Battle's responses to the motion for summary judgment are not considered by the court. Battle may raise any such claim(s) in a separate action. Further, the court notes that Battle's response to the motion for summary judgment cites to several attachments and exhibits that are not part of the record.

2

filed grievances do not establish the involvement of those officials and administrators in the alleged underlying deprivation). Moreover, to the extent Battle alleges that defendants Holloway and Hinkle failed to investigate his claims, his allegations fail to state a claim. *See Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006) (holding that alleged failure to investigate a grievance "fails to assert a due process violation"); *Sweat v. Rennick*, No. 9:11-2908, 2012 U.S. Dist. LEXIS 55200, at *5, 2012 WL 1358721, at *2 (D.S.C. Feb. 7, 2012) ("Plaintiff's complaint that this Defendant has not properly investigated his claims . . . fails to set forth a claim for a violation of a constitutional right."); *Lewis v. Williams*, Nos. 05-13, 05-51, 05-52, 2006 U.S. Dist. LEXIS 8444, at *18-19, 2006 WL 538546, at *7 (D. Del. Mar. 6, 2006) ("[T]he failure to investigate a grievance does not raise a constitutional issue.").

To the extent Battle's complaint could be construed as alleging that he was denied due process at his disciplinary hearing, his allegations fail to state a claim. First, Battle does not allege how any of the named defendants denied him due process at the hearing. Moreover, to establish a violation of procedural due process guaranteed by the Fourteenth Amendment, an inmate must demonstrate a deprivation of "life, liberty, or property" by governmental action, which Battle has not done. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Battle does not allege that as a result of his disciplinary conviction, the sanction imposed enhanced his sentence or constituted an atypical or significant hardship on Battle in relation to the ordinary incidents of prison life. Therefore, Battle's allegations do not state a due process violation concerning the disciplinary hearing. Further, no due process right attaches to
3

the administrative appeals process. *See Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990); *Chambers v. Wilson*, No. 1:15cv646, 2016 U.S. Dist. LEXIS 23454, at *13, 2016 WL 775779, at * (E.D. Va. Feb. 24, 2016) ("To the extent the ruling may be administratively appealed, a prisoner has no federal due process rights in the appeal process") (citation omitted). Accordingly, the court concludes that Battle's allegations fail to state a claim against defendants Holloway and Hinkle, and, therefore, will dismiss Battle's claim against them.[2]

III.

Battle alleges that defendants Ledford and Edwards used excessive force against him in 2013. The court finds that these claims are untimely filed and, therefore, will grant defendants' motion for summary judgment.[3]

For purposes of the statute of limitations, § 1983 actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cit. 1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code § 8.01-243(A); *Almond v. Kent*, 459

---

[2] To the extent Battle is attempting to raise claims against defendants Holloway and Hinkle for their roles as supervisors, his claims fail because there is no *respondeat superior* liability under § 1983. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Vinnedge*, 550 F.2d at 928. When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Battle fails to allege facts sufficient to support the required elements for supervisory liability against defendants Holloway and Hinkle.

[3] The court notes that Battle also alleges that defendant Ledford was "placed" in Battle's pod on December 4, 2015, nearly two years after the alleged excessive force incident, causing Battle to feel "insecure." Battle does not allege that Ledford harmed or even threatened Battle while in Battle's pod. Accordingly, the court does not construe this allegation as a § 1983 claim.

4

F.2d 200, 203-04 (4th Cir. 1972). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues.[4]

In this case, Battle's excessive force claims accrued on December 6, 2013. Battle filed this action on January 11, 2016, more than two years after the alleged excessive force claims accrued. Accordingly, the court finds that Battle's excessive force claims against defendants Ledford and Edwards are barred by the statute of limitations; thus, the court will grant defendants' motion for summary judgment as to these claims.[5]

An appropriate order will be entered.

Entered: January 30, 2017.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[4] Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See Brooks v. City of Winston Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979). An inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988), *Lewis*, 947 F.2d at 735. In Virginia, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

[5] Battle argues that the statute of limitations should be tolled during the pendency of his disciplinary proceeding. Battle relies on Virginia Code § 8.01-229(K), which provides in relevant part that:

> In any personal action for damages, if a criminal prosecution arising out of the same facts is commenced, the time such prosecution is pending shall not be computed as part of the period within which such a civil action may be brought.

However, Battle's reliance on this code section is misplaced because a prison disciplinary proceeding is not a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Therefore, the statute of limitations was not tolled during that time. Battle does not allege any ground for tolling under any other provision of the Virginia Code.

5